UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANGELA C. HETTERSCHEIDT and TONY C. SPARKS, | ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) CASE NO. 2:20-cv-522 ) |
| HANDS THAT SERVE, LLC, TAMELA AUSTIN and RONALD AUSTIN, | ) ) ) ) |
| Defendants | ) ) |

### *PLAINTIFFS' COMPLAINT FOR DAMAGES*

Come now Plaintiffs Angela C. Hetterscheidt ("Hetterscheidt") and Tony C. Sparks ("Sparks"), by counsel, and for their claims against Defendants Hands That Serve, LLC, Tamela Austin and Ronald Austin (hereinafter collectively "Hands That Serve" unless a defendant is identified by full name), alleges and says:

### *I.  FACTUAL ALLEGATIONS*

1. Hetterscheidt is a resident of the State of Indiana, and is domiciled in Terre Haute, Vigo County, Indiana.  Sparks is a resident of the State of Indiana, and is domiciled in Terre Haute, Vigo County, Indiana.  Hetterscheidt and Sparks are a couple and they reside together.

2. Hands That Serve is a company headquartered at 6849 West Manor Drive, Terre Haute, Vigo County, Indiana 47802.  Hands That Serve provides in home companionship to its clients.

3. Hetterscheidt was hired to work as an in home caregiver for Hands That Serve on approximately December 8, 2018.  At this moment, Hetterscheidt is still employed in that same

position.

4. Sparks was hired to work as an in home caregiver for Hands That Serve on approximately December 22, 2018. At this moment, Sparks is still employed in that same position.

5. At hiring, Hands That Serve promised to pay Hetterscheidt at the rate of $9.00 per hour for her work. Her rate of pay has been increased to $12.00 per hour. Hands That Serve has never, however, paid Hetterscheidt at an overtime premium rate (which would have been one and one-half times her hourly base rate) for hours Hetterscheidt worked in excess of forty in any work week.

6. At hiring, Hands That Serve promised to pay Sparks at the rate of $9.00 per hour for her work. His rate of pay has been increased to $13.00 per hour. Hands That Serve has never, however, paid Sparks at an overtime premium rate (which would have been one and one-half times his hourly base rate) for hours Sparks worked in excess of forty in any work week.

7. Defendants Tamela Austin and Ronald Austin are husband and wife. Tamela and Ronald Austin are believed to be the primary members of Hands That Serve, LLC. Together, Tamela Austin and Ronald Austin have operational control over Hands That Serve and together they make all decisions about employee wages and hours of work.

8. During her period of employment, Hetterscheidt was assigned and has worked for Hands That Serve at the homes of several different clients. Throughout her employment, Hetterscheidt has recorded and texted to Tamela Austin her hours of work each week.

9. During his period of employment, Sparks was assigned and has worked for Hands That Serve at the homes of several different clients. Throughout his employment, Sparks has

recorded his hours of work each week on a piece of paper, photographed the paper with his cell phone, and texted to Tamela Austin a photo each week of a paper containing his hours of work

10. During most of her employment, until recently, Hetterscheidt has routinely worked far more than 40 hours and up to 70 hours in single work weeks. At all times, Hands That Serve has failed and refused to pay Hetterscheidt at an overtime rate of pay (one and one-half times her regular rate of pay) for hours worked in excess of forty in a work week.

11. During his employment, Sparks has routinely worked far more than 40 hours and up to 70 hours in single work weeks. At all times, Hands That Serve has failed and refused to pay Sparks at an overtime rate of pay (one and one-half times her regular rate of pay) for hours worked in excess of forty in a work week.

12. Hands That Serve paid Hetterscheidt, Sparks and all employees every two weeks with a check signed by either Tamela Austin or Ronald Austin. Hands That Serve did not withhold any taxes from its employees' wages, nor did it provide any type of itemized pay stub.

13. Hetterscheidt has directly communicated with Defendant Tamela Austin about Hands That Serve's obligation to pay overtime wages at an overtime rate of pay on multiple occasions. Tamela Austin directly advised Hetterscheidt that Hands That Serve does not pay overtime and refused to correct the company's violation of the Fair Labor Standards Act ("FLSA").

14. To provide a specific example, Hetterscheidt has preserved text messages from Ms. Austin confirming that Hands That Serve paid overtime hours at straight time rates. For the week from January 8, 2019 to January 14, 2019, Hands That Serve sent Hetterscheidt a text saying that she had worked 47 hours and was paid at $9.00 per hour for a total of $423.00.

Hetterscheidt should have been paid for 7 overtime hours at an overtime rate of $13.50 per hour. In this one week, Hands That Serve underpaid Hetterscheidt by at least $31.50. That figure would be doubled under the FLSA's presumptive liquidated damage provision and Hands That Serve will owe Hetterscheidt $63.00 in damages for this single week of work.

15. Consistent with the description in the paragraph above, Hands That Serve refused to pay Hetterscheidt and Sparks overtime and underpaid many, many overtime hours of work for a period of almost two years.

16. Hands That Serve owes Hetterscheidt and Sparks unpaid overtime compensation and liquidated damages for the hundreds of overtime hours each one has worked since December 2018. Hands That Serve is a third party employer and both Hetterscheidt and Sparks are non-exempt employees, entitled to overtime compensation under the Fair Labor Standards Act.

17. Hands That Serve has willfully, intentionally, knowingly and in bad faith violated Hetterscheidt and Sparks' rights rights under the Fair Labor Standards Act. By way of this Complaint, Hetterscheidt and Sparks are seeking all available damages, including, but not limited to, all unpaid wages, all unpaid overtime compensation, all liquidated and/or statutory damages, plus payment of their reasonable attorney's fees, costs and expenses.

## II. JURISDICTION AND VENUE

18. This Court has jurisdiction over the subject matter of this Complaint under 28 USC § 1331 and 29 USC § 201 et seq, as Hetterscheidt and Sparks raise federal questions of law.

19. Venue is proper in this Court pursuant to 28 USC § 1391 because the unlawful conduct alleged herein was committed in the Southern District of Indiana.

## III. PARTIES

20. Hetterscheidt is domiciled in and a resident of Vigo County, Indiana.

21. Sparks is domiciled in and a resident of Vigo County, Indiana.

22. Hands That Serve, LLC is headquartered in Vigo County, Indiana.

23. Tamela Austin is domiciled in and a resident of Vigo County, Indiana.

24. Ronald Austin is domiciled in and a resident of Vigo County, Indiana.

### IV. STATEMENT OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT

25. Hetterscheidt and Sparks incorporate herein by reference paragraphs 1 through 24 above.

26. Defendant Hands That Serve, LLC is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA. Defendant Hands That Serve, LLC is an "employer," as that term is defined by the FLSA. Defendant Hands That Serve, LLC is a "joint employer" as that term is defined by the FLSA. Finally, Defendant Hands That Serve, LLC is a "person" as that term is defined by the FLSA.

27. For purposes of liability under the FLSA, Defendant Tamela Austin is and was an "employer," as that term is defined by the FLSA. See 29 USC § 203(d). Additionally, Defendant Tamela Austin is and was a "joint employer" as that term is defined by the FLSA. Finally, Defendant Tamela Austin is and was a "person" as that term is defined by the FLSA.

28. For purposes of liability under the FLSA, Defendant Ronald Austin is and was an "employer," as that term is defined by the FLSA. See 29 USC § 203(d). Additionally, Defendant Ronald Austin is and was a "joint employer" as that term is defined by the FLSA. Finally, Defendant Ronald Austin is and was a "person" as that term is defined by the FLSA.

29. The Defendants, individually and acting jointly, have violated Hetterscheidt's and

Sparks' rights to be properly paid overtime wages in a manner required by the FLSA. Specifically, both Hetterscheidt and Sparks are non-exempt employees and Hands That Serve was required to pay Hetterscheidt and Sparks for each hour each worked and pay each at an overtime premium rate for any and all hours worked each week in excess of forty (40).

30. Each of the Defendants' failure to comply with the FLSA's provisions regarding minimum wages and overtime compensation is willful and without justification.

31. Hetterscheidt and Sparks seek all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for the Defendants' violations of the Fair Labor Standards Act.

32. Defendants are jointly and severally liable to Hetterscheidt and Sparks, as they have jointly directed and controlled Plaintiffs' employment and wages, and they have acted in concert to violate Plaintiffs' rights.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Angela C. Hetterscheidt and Tony C. Sparks respectfully request that the Court enter judgment against all three Defendants, holding the Defendants jointly and severally liable to them for violations of the FLSA, and issue to her all available relief, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. Costs;

3. Pre-judgment interest, if available; and

4. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

By/s/Robert P. Kondras, Jr.
    Robert P. Kondras, Jr.
    Attorney No. 18038-84
    100 Cherry Street
    Terre Haute, IN 47807
    (812) 232-9691
    Facsimile: (812) 234-2881
    kondras@hkmlawfirm.com